UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV23-3-V

| | |
|---|---|
| JAMES ROBERT LEAKY JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NOTICE AND O R D E R |
| ) | |
| R. DAVID MITCHELL, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Habeas Petition," filed January 24, 2008 (Document No. 1.)

A review of the Petition reflects that on April 8, 2002, Petitioner pled to four counts of statutory rape and one count of taking indecent liberties with a minor and was sentenced to 192 to 240 months imprisonment. It appears that Petitioner did not directly appeal his sentence or conviction. On March 15, 2005, three years after his conviction, Petitioner filed a motion for appropriate relief (MAR), which was denied, after a hearing, on February 15, 2006. Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals on June 25, 2007, which was denied on July 16, 2007. Petitioner filed the instant Petition on January 24, 2008 alleging that his counsel was ineffective.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

1

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, Petitioner plead guilty on April 8, 2002 and did not file an appeal. He filed an MAR three years after his conviction. While the AEDPA entitles the Petitioner to have the limitation period tolled for the brief period during which he was pursuing State collateral review, that fact is of little consequence here. That is, the Petitioner's one-year period already had expired before he even began collateral review. Specifically, Petitioner waited three years after his conviction before he initiated the collateral review process. Therefore, it appears that the Petitioner's pursuit of collateral review in State court simply came too late to have a favorable impact on this Court's calculations.

Prior to early 2002, federal district courts routinely dismissed habeas petitions which –

like this one – appeared on their face to be time-barred under the AEDPA. However, in January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In Hill, the Court held that "when a federal habeas court, prior to trial, perceives a pro se petition to be untimely and the [government] has not filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation . . . "

Consequently, this Court now shall give the Petitioner fifteen (15) days in which to file a document explaining why this Petition should be construed as timely filed.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that:

1) Within fifteen (15) days of the date of this Order, the Petitioner shall file a document, explaining why the instant petition should be construed as timely filed. **FAILURE TO FILE A DOCUMENT EXPLAINING WHY THE INSTANT PETITION SHOULD BE CONSTRUED AS TIMELY FILED WILL RESULT IN DISMISSAL OF THE PETITION**.

2. The Clerk shall send a copy of this Order to the Petitioner.

**SO ORDERED**.

Signed: February 7, 2008

Graham C. Mullen
United States District Judge