UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV23-3-MU

| | | |
|---|---|---|
| **JAMES ROBERT LEAKY JR.,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| **R. DAVID MITCHELL,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Habeas Petition," filed January 24, 2008 (Document No. 1.)

A review of the Petition reflects that on April 8, 2002, Petitioner pled to four counts of statutory rape and one count of taking indecent liberties with a minor and was sentenced to 192 to 240 months imprisonment. Petitioner did not directly appeal his sentence or conviction. On March 15, 2005, three years after his conviction, Petitioner filed a motion for appropriate relief (MAR), which was denied, after a hearing, on February 15, 2006. Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals on June 25, 2007, which was denied on July 16, 2007. Petitioner filed the instant Petition on January 24, 2008 alleging that his counsel was ineffective.

Pursuant to the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), the Court send Petitioner a notice pursuant to Hill, allowing Petitioner to file a document explaining why his petition should be deemed timely filed. (Doc. No. 2.) On February 25, 2008

1

Petitioner filed a document in response to this Court's Hill notice explaining that his Petition is late because he his attorney never informed him of the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year time limitation. (Document No. 3.) The short response is to note that Petitioner filed the instant habeas petition almost five years too late and his stated reason for doing so does not justify equitable tolling.

## II. Analysis

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, Petitioner plead guilty on April 8, 2002 and did not file an appeal. He filed an MAR three years after his conviction. While the AEDPA entitles the Petitioner to have the limitation period tolled for the brief period during which he was pursuing State collateral review, that fact is of little consequence here. That is, the Petitioner's one-year period already had expired before he even began collateral review. Specifically, Petitioner waited three years after his conviction before he initiated the collateral review process. Therefore, it appears that the Petitioner's pursuit of collateral review in State court simply came too late to have a favorable impact on this Court's calculations.

By way of explanation for his late petition, Petitioner argues that he was not aware of the AEDPA one-year limitation period. Petitioner further states that post-conviction counsel "failed to inform [him] of he AEDPA and its time limitations and failed to file [his] collateral review in a timely manner." (Doc. No. 3 at 2.)

In <u>United States v. Prescott</u>, 221 F.3d 686 (4th Cir. 2000), the Court instructed that while § 2255's limitation period is subject to equitable tolling, it is an extraordinary remedy that is sparingly granted. <u>Id</u>. at 688. To be sure, the Fourth Circuit Court of Appeals has stated that such tolling is allowed only in "those rare instances where-–due to circumstances external to the party's own conduct–-it would be unconscionable to enforce the limitations period against the party and gross injustice would result." <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2004) (<u>en banc</u>), <u>cert. denied</u>, 125 S.Ct. 209 (2004). <u>See also</u> <u>United States v. Sosa</u>, 364 F.3d 507, 511-13 (4th Cir. 2004). In order to be entitled to equitable tolling, an otherwise time-barred petitioner must present "'(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" <u>United States v. Sosa</u>, 364 F.3d 507, 512

3

(4h Cir .2004) citing Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). "Typically, these 'circumstances [are] external to the party's own conduct,' thus making it 'unconscionable to enforce the limitation period against the party.'" Prescott, 221 F.3d at 688, citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Here, Petitioner claims that he was not aware of the AEDPA limitations period and his attorney did not tell him about the limitations period. Petitioner fails to establish that his stated reason for filing his Petition late qualifies as extraordinary, out of his control and which prevented him from filing his § 2254 petition on time. Petitioner's stated reason for failing to timely file his habeas corpus petition will not save his petition. Mackall v. Angelone, 131 F.3d 442 (4th Cir.) (Attorney error on state post-conviction review cannot constitute ineffective assistance of counsel as "cause" for procedural default, because no right to counsel in post-conviction proceedings.), cert denied, 522 U.S. 1100 (1998); 28 U.S.C. § 2254(I) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Therefore, the Petitioner's Writ of Habeas Corpus Petition must be dismissed as it is untimely.

For the foregoing reasons, this Court concludes that Petitioner's January 24, 2008 habeas corpus petition is untimely, does not qualify for equitable tolling, and therefore must be dismissed.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Habeas Petition pursuant to 28 U.S.C. § 2254 (Document No. 1) is dismissed as untimely.

**SO ORDERED.**

Signed: March 3, 2008

*/s/ Graham C. Mullen*

Graham C. Mullen
United States District Judge